Philadelphia Parent Child Center, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Renee B. Ricks, Respondents.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Larry A. Colston,* with him *McNeal and Colston,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *J. Justin Blewitt,* Acting Attorney General, and *Robert S. Robbins,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., July 26, 1979:

The Unemployment Compensation Board of Review (Board) affirmed a referee's award of benefits to Renee B. Ricks. Her employer, the Philadelphia

Parent Child Center, Inc. (PPCC), appealed. We affirm the Board.

The first of two contentions PPCC urges is that Ricks "voluntarily" terminated her employment without a necessitous or compelling reason.[1] Whether a person has voluntarily terminated his employment is a question of law. That a worker intends to leave his job does not of its own mean that the leaving was voluntary for the purposes of Section 402(b)(1) of the Law.[2] The totality of circumstances must be considered.

> When therefore the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances *compel* the decision to leave employment, the decision is voluntary in the sense that the worker has willed it but involuntary because outward pressures have compelled it.

*Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A.2d 898, 903 (1946).

The record discloses that Ricks was called to her supervisor's office and told to sign a letter of resignation. Prior to that time, she neither had seen the letter nor had she requested its preparation. What's more, she had no intention of resigning but did so because she thought refusal would precipitate her discharge. This suspicion was later confirmed by her employer. In our judgment, this was not a "voluntary termination".

PPCC's second argument is that the Board erred as a matter of law in disposing of the claim under Section 402(e).[3] This is without merit. Where a claimant

---

[1] Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.* 43 P.S. §802(b)(1) (hereinafter cited as Law).

[2] *See* footnote 1, *supra.*

[3] Section 402(e) of the Law, 43 P.S. §802(e).

technically resigns in order to avoid imminent discharge, the Board may properly treat the case as if it were a discharge for willful misconduct in determining eligibility for benefits. *Unemployment Compensation Board of Review v. Simone,* 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976). The burden of establishing willful misconduct is on the employer. In this record it is undisputed that Rick's work performance was satisfactory but that her deficient administrative experience and educational qualifications prompted her discharge.[4] We can find no evidence sufficient in law to warrant the denial of benefits to Ricks.

Accordingly, we

ORDER

AND Now, this 26th day of July, 1979, the order of the Unemployment Compensation Board of Review awarding benefits to Renee B. Ricks is affirmed.

---

[4] PPCC was aware that Ricks lacked a degree in early childhood training when it hired her.