Phillip S. Martelli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Joel Weisberg,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 8, 1981:

This is an appeal by Philip S. Martelli (claimant)[1] from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's decision which denied him unemployment compensation benefits for voluntarily leaving work without cause of a necessitous and compelling nature.[2] We affirm.

The referee made the following findings of fact which were adopted by the Board:

1. Claimant was last employed, part-time, by Hertz Corporation on June 28, 1979 as a transporter earning from $2.00 to $4.00 per hour, depending on the work assignment.

---

[1] The record discloses that claimant's first name is spelled "Philip," but the appeal has been captioned in this Court with claimant's first name spelled "Phillip."

[2] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

2. On June 28, 1979, claimant voluntarily terminated his employment because he was dissatisfied with the job he was doing and wanted to find a job more to his liking.

3. Claimant did not have a bona fide job offer of employment at the time of separation and could have continued in this employment had he chosen to do so.

4. Claimant's employer could have provided the claimant with a full-time position.

On appeal, the claimant contends that he had a necessitous and compelling reason to quit his job because it was not suitable employment. We reject that contention.

By voluntarily accepting the part-time job with Hertz, the claimant admitted the initial suitability of the wages and conditions of that employment. To overcome that presumption of suitability, he was required to prove that initial working conditions changed or that, when his employment began, he was deceived as to, or unaware of, conditions later alleged to be onerous. *Kistler v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980). The claimant offered no evidence to rebut the presumption. The claimant contends that, although he accepted the job as a transporter with Hertz, he never acknowledged its suitability because he accepted it intending to work for a limited time and only for the limited purpose of supplementing unemployment compensation benefits which he was receiving in January 1979 and which expired just prior to his resignation from Hertz. We decline to hold that such considerations are sufficient to rebut the presumption that this claimant admitted the suitability of the job as transporter when he voluntarily and knowingly accepted that position. The Board, there-

fore, did not err in failing to determine that the work was unsuitable.

The Board found instead that the claimant resigned because of personal dissatisfaction with his employment. It is well settled that mere discontent with wages, hours, and working conditions is not an adequate cause for terminating one's employment so as to justify an award of unemployment compensation benefits. *Remington v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 380, 387 A.2d 1343 (1978).

### ORDER

AND Now, this 8th day of October, 1981, the order of the Unemployment Compensation Board of Review, dated March 7, 1980, denying unemployment compensation benefits to Philip S. Martelli, is hereby affirmed.