Paul Pollock, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Lee Moses,* with him *Ada Guyton,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 23, 1981:

Claimant appeals an order of the Unemployment Compensation Board of Review (Board) which, without taking additional evidence affirmed a referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant voluntarily terminated his employment after working four days as a carton assembler. In this appeal Claimant challenges the Board's determination that he is ineligible for benefits because he quit his job without cause of a necessitous and compelling nature.

"In voluntary termination cases, the burden is upon the employee to prove [a] necessitous and compelling reason for leaving. . . ." *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 305, 426 A.2d 719, 721 (1981). Where, as here, the party with the burden of proof did not prevail before the Board, this Court's scope of review consists of determining whether the findings of fact can be sustained without a capricious dis-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which states in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Pursuant to the Act of July 10, 1980, P.L. 521, Section "402(b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

regard of competent evidence and are consistent with each other and with the conclusions of law. *Helsel v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

Claimant contends that he was forced to abandon his employment because his activities as a carton assembler caused his wrist to swell. To establish compelling health reasons,

> a claimant must: '(1) offer competent testimony that *at the time of [his] termination* adequate health reasons existed to justify termination; (2) inform the employer of the health problem; and (3) specifically request the employer to transfer [him] to a more suitable position.' (Emphasis added.) McQuiston v. Unemployment Compensation Board of Review, 37 Pa. Commonwealth Ct. 250, 253, 390 A.2d 317, 318 (1978). The Claimant's failure to meet any one of those three conditions will bar [his] claim for unemployment compensation benefits.

*Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. at 305, 426 A.2d at 721.

Claimant did not present any competent medical evidence to prove that his work adversely affected his health. *Ruckstuhl; Goughnour v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 83, 420 A.2d 30 (1980). "The only evidence to this effect was [Claimant's] own [testimony] and we have previously held that such evidence is insufficient to establish the existence of adequate health reasons for termination." *Steffy v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 16, 18, 413 A.2d 483, 484 (1980). "A claimant asserting health reasons must present medical evidence to es-

tablish that his or her employment was terminated for reasons of health.'' *Goughnour v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. at 86, 420 A.2d at 32.

Because Claimant failed to prove the first of the three criteria, Claimant cannot successfully aver health problems as justification for leaving employment. Therefore, we enter the following

ORDER

AND Now, December 23, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-186160, Appeal No. B-80-6-T-214, dated July 24, 1980, is affirmed.