Helen Parducci, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, March 1, 1982, to President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Judith Brown Chomsky,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 26, 1982:

Helen Parducci appeals a decision of the Unemployment Compensation Board of Review which denied her benefits on a finding of voluntary quit.[1] We affirm.

Parducci, a packer in the kitchen of Superior Provisions, had been employed since 1973 avergaing 30 to 33 hours a week, depending on the volume of orders. In May 1980 she sought a guaranteed 36-hour work week, a guarantee which her employer could not make because of his straitened financial condition.[2]

Parducci then, aided by her union representative, executed a separation agreement[3] by which she would

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[2] The record indicates that, at a meeting held with the union employees, the employer extracted a unanimous vote that they would continue to work whatever hours were available rather than seek a guaranteed number of hours because of the employer's precarious financial position.

[3] Parducci has asserted that a separation agreement does not indicate that there was a voluntary quit. She cites for this proposition *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979). This case is clearly distinguishable in that the separation letter signed in that case was not voluntarily signed because the claimant was offered the option of signing or being fired and had not initiated the preparation of the letter. Here, the record supports the conclusion that Parducci, with the help of her union representative, initiated the preparation of the agreement.

leave with a number of benefits thus permitting the employer to cease kitchen operations.

Parducci now asserts that the closing of the kitchen constituted a cause of necessitous and compelling reason for her termination, there being no work available for her. The employer testified that he discontinued the operation because he was unable to meet her demands.

It should be known by all now that a claimant has the burden of proof to prove a voluntary quit was for a cause of necessitous and compelling reason. *Helsel v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980). Where the party with the burden of proof has not prevailed below, our scope of review is limited to questions of law and whether the findings of fact can be sustained without a capricious disregard of competent evidence. *Dennis v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

Whether a claimant voluntarily terminated her employment is a question of law for this Court. *York Tape and Label Corp. v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 163, 435 A.2d 305 (1981). There, however, is a presumption of the suitability of work which a claimant must overcome, *Martelli v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 137, 435 A.2d 303 (1981), and mere dissatisfaction with hours and wages is not enough to overcome that presumption. *Id.*

We hold that the Board did not capriciously disregard evidence in finding that Parducci initiated the termination of her employment because she was dissatisfied with working conditions and that suitable work would have been available if she had not terminated.

Affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-190561 dated December 15, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.