Rocky Ryan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

208

Argued March 5, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and CRAIG. Reargued March 2, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG, MACPHAIL and DOYLE.

*Marian Benton,* with her *Stephen F. Gold,* and *Edward Sparkman,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, Assistant Attorney General, and *Harvey Bartle, III,* Attorney General, for respondent.

Opinion by President Judge Crumlish, Jr., August 9, 1982:

Rocky Ryan appeals an Unemployment Compensation Board of Review decision denying benefits for voluntarily terminating her employment without cause of necessitous and compelling nature.[1] We reverse.

Employed as an apartment manager for the Gulphwyn Corporation, Ryan walked off the job after a quarrel with her parents, who were also her employer. Ryan filed an application for benefits, and informed the Office of Employment Security that she was unemployed because of mental stress caused by working for her parents. The referee and Board affirmed the denial of benefits, and found that she had voluntarily terminated employment without a necessitous or compelling reason.

Ryan argues here that, after their verbal altercation, she not only expressed an intention to return but that several hours later her father informed her not to return to work, that she was consequently discharged, and therefore did not voluntarily terminate her employment.

While the question of voluntarily leaving work is one of law properly subject to our review and determination, resolution of this legal question normally depends upon not only the testimony given below but the facts found by the Board. *Sears, Roebuck & Co. v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). Although questions of credibility are left for the Board's resolution, we must examine the testimony in the light most favorable to the party in whose favor the Board rendered its decision. *Helsel v. Unemploy-*

---

[1] *See* Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

*ment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

Here, the Board examined the testimony, weighed its credibility, and concluded that Ryan left her employment when continuing work was available with no prospects of alternative employment. We disagree.

Where an employee resigns or quits her employment, absent any action by the employer, the law is clear that the termination amounts to voluntarily leaving work. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). The general principle followed in these cases is that an employee who is absent from work without authorization and without taking steps to preserve the relationship by telling the employer if and when he may return *may* be held to have voluntarily quit. *Metzger v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977). However, the majority of these disputes have resulted from either unreasonable or inordinately long absence periods.[2] We must therefore examine each matter in light of the facts and in view of the law, and determine whether the employee's actions amount to an outright termination or are tantamount to either an abandonment or resignation of employment.

Here, although the record reveals conflicting testimony concerning Ryan's intentions on returning to work, the testimony is very clear that she was shortly

---

[2] *See, e.g., Simpson v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978) (eleven days); *Firmstone v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 158, 370 A.2d 749 (1977) (two days); or *Hutt v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 57, 367 A.2d 390 (1976) (four days).

thereafter instructed by her father not to return to work.[3]

Consequently, the supporting circumstances outside of the initial incident leave us with no competent evidence[4] to support a conclusion that, as a matter of

---

[3] In response to a question concerning why she walked out of her office that day, Ryan responded:

AE: There was an argument in the office and I picked up my handbag and it was about the third day in a row that there had been an argument and I might add that it is a family business, my father and my mother work in the office also and I was having a lot of problems, my son is in a mental institution and at that time I was having a lot of problems with him, and I was in the process of getting him into the institute and just every day I walked in and every day my mother would argue with me about something else and *I was just under a lot of pressure and I picked up my handbag and said I would be back and I walked out of the office and about two or three hours later my father called me up and said, you are not very happy here and we are not very happy with you here and so you might as well forget it for now*, some such thing as that I don't remember. (Emphasis added.)

In response to the same question, her employer-father replied:

AE: I was in my office which is away from the rest of the office and I heard some screaming and I walked out and *my wife told me that Rocky had left* and I asked her what happened and it was a personal matter, it had nothing to do with the business, we were extremely busy at that point which we haven't been all year, we were fortunate enough to get a new project, and *I was very angry and I decided that I didn't want her back.*

QR: Did she indicate that she would be back?

AE: *She didn't indicate to anyone that she would be back.* (Emphasis added.)

[4] Since the question of whether Ryan intended to return to work is most important to a finding of voluntary termination, we are curiously struck by the adverse testimony of the employer's representative, her father, who by his own admission was in another part of the office and had no personal knowledge of the incident surrounding Ryan's actions.

law, her actions amounted to a voluntary termination of her employment. We thus conclude that she was discharged by her father. Because her father presented no evidence on the issue of whether the discharge was predicated on willful misconduct, we must reverse and remand for the computation of benefits. *See Wing v. Unemployment Compensation Board of Review,* Pa. , 436 A.2d 179 (1981).

### ORDER

The Unemployment Compensation Board of Review decision, No. B-181301 dated February 25, 1980, is hereby reversed and the matter is remanded to the Board for a computation of benefits consistent with this Opinion.

Judge MENCER did not participate in the decision in this case.

·Judge MACPHAIL dissents.