Fred Livezey, t/a Livezey Graphics, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*David W. Starfield, Starfield & Payne,* for petitioner.

*James Norris,* Associate Counsel, with him *Richard L .Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 30, 1982:

Livezey Graphics (employer) appeals an order of the Unemployment Compensation Board of Review (Board) which granted benefits to the claimant, determining that she had necessitous and compelling reasons for terminating her employment. Section 402(b)(1) of the Unemployment Compensation Law.[1]

The claimant's voluntary quit was precipitated by a letter from her employer, dated June 8, 1979, which advised her of changes in office procedures. Among other modifications to her employment situation, the claimant was now obligated to work every Monday through Friday from 9:00 A.M. to 5:00 P.M. On June 11, the claimant approached the employer to discuss the finality of the terms contained in the letter. After an exchange during which the employer reiterated his unilateral determination that she would have to work

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

the stated hours, claimant tendered him a letter of resignation. The claimant alleges, and the Board found, that she and the employer had agreed at the time of hire that she would have Thursday afternoons and every other Monday off.[2]

Claimant's application for benefits was rejected by the Bureau of Employment Security, and subsequently by the referee and the Board. Upon reconsideration requested by claimant's counsel, the Board vacated its earlier decision and granted benefits. The Board concluded that the material change in working hours and the negative attitude of the employer[3] constituted necessitous and compelling reasons for claimant to terminate the employment relationship.

The employer contends before this Court that the Board's findings are not supported by substantial evidence, that the Board's above-stated conclusion constituted an error of law, and that the Board's reversal of its own determination was error, in that it did not acquire new evidence at oral argument which would support such a reversal. We shall address these issues seriatim.

Turning first to the substantial evidence issue, we perceive that the record contains the following pertinent findings of fact:

3. At the time of hire the claimant was hired on a part-time basis and it was agreed by the claimant and the employer that the claimant

---

[2] Claimant testified without contest from the employer that she had been working at the Institute of Pennsylvania Hospital from 1:00 P.M. to 8:00 P.M. on Thursdays for the past eight years, and that she received $90.00/day for her services. The Board points out to this Court that claimant would have to forfeit this income.

[3] There was also a sexual harassment aspect to this case which we need not address at this time, since we conclude that the unilateral and uncompromising change in working hours instituted by the employer was sufficient to uphold a grant of benefits.

would not work Thursday afternoon and would have off every other Monday.

4. On Thursday afternoon the claimant worked at the Institute of Pennsylvania Hospital from 1 to 8 p.m.

. . . .

8. On June 8, 1980, the employer notified the claimant that she was expected to report for work on Thursday afternoons and on all Mondays. When the claimant informed the employer that this was a violation of her contract of hire, the employer refused to change the notice and responded that this is the new office procedure.

We conclude that claimant's testimony provides substantial evidence[4] to support these findings. That the employer disputes some or all of her testimony is not relevant to our review, in that the credibility of witnesses and the weight to be given their testimony is for the Board, and not this Court, to determine. *Yazevac v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 90, 430 A.2d 1207 (1981).

Employer next asserts that the Board erred in determining that the claimant had necessitous and compelling reasons for quitting. It argues (1) that the change in working hours was reasonable, and therefore did not rise to the level of "necessitous and compelling," and 2) that claimant failed to make a reasonable effort to preserve the employment relationship because she did not afford the employer the op-

---

[4] "A finding is supported by substantial evidence if upon review of the entire record and all inferences derived therefrom, a reasonable man might have reached the same conclusion." *Affalter v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 482, 484, 397 A.2d 863, 864 (1979).

portunity to explain or seek a mutually satisfactory accommodation.

Whether or not the change in hours was a necessitous and compelling reason to voluntarily leave one's employment relationship is a question of law, within the purview of this Court to ascertain. *Kistler v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980). We conclude that the change in hours from part-time to full-time[5] was a material alteration of the contract of hire, and that such action constitutes necessitous and compelling reason to leave. We need not address the legal issues relative to claimant's alleged failure to attempt to maintain her employment because the Board found that claimant *did* approach the employer, and he "refused" to change his position. That finding, supported by competent evidence in the record, is binding on this Court. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

Employer finally argues that the Board's action in reversing its decision after argument on the Motion for Reconsideration amounts to an abuse of discretion, since it received no new evidence. The employer, quite simply, preferred the determination which had been entered prior to reconsideration. We agree with the Board that *Pastorius v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 50, 54, 411 A.2d 1301, 1304 (1980) is dispositive.

> Since the Board has ultimate fact-finding authority . . . and may even substitute its findings for those of the referee without a hearing . . . and, since those findings are always subject, on appeal to the test of whether they are supported by . . . the evidence, we are convinced that the

---

[5] *See* Finding No. 3: "claimant was hired on a part-time basis. . . ."

Board has authority to change its own findings upon reconsideration. . . . (Citations omitted.)

We therefore affirm the order of the Board granting benefits.

ORDER

AND Now, this 30th day of December, 1982, the order of the Unemployment Compensation Board of Review at No. B-183282-B, dated November 17, 1980, granting unemployment benefits to Kathryn K. Tremblay, is hereby affirmed.

---

CONCURRING OPINION BY JUDGE BLATT:

I cannot join in this opinion because I believe that, in granting the claimant benefits due to the change in hours, the majority is disregarding previous case law.

The record does not include the actual contract of hire. The testimony indicates, however, that the parties had an oral understanding that the claimant would not be required to work certain days. Later, the employer ordered all employees to observe a nine to five workday.

Mere discontent with wages, hours, and working conditions is not usually adequate cause for terminating one's employment. *Martelli v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 137, 435 A.2d 303 (1981). Moreover, although it is normally true that a person is hired to do a particular task at an assigned time and place, it does not follow that the employer agrees never to modify the task, place, or time. *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974). It is the employer's decision to modify or change these working conditions and if the change is *reasonable,* the employee must conform to the change at the risk of being ineligible for unemployment compensation benefits. *Id.* We have held that a

complete change in shifts is reasonable and does not amount to cause of a necessitous and compelling nature, *Stalc v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). It follows that the change here concerned was also reasonable.

The record does reveal, however, that this change of working hours may in fact have been just another form of sexual harassment, which the referee and the Board did find had occurred prior to the claimant's resignation. And sexual harassment can be a necessitous and compelling reason for quitting, provided that the claimant has taken reasonable and prudent steps to attempt to alleviate the problem. *See West v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 431, 417 A.2d 872 (1980).

Because I believe that the claimant here did attempt to deal with the sexual harassment problem, although unsuccessfully, I would grant benefits solely on the ground that she left the employment because of the sexual harassment, which was a necessitous and compelling reason.