TBA Supply Co., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Darlene Tracey, Intervenor.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*John S. Hayes,* with him *Larry J. Rappoport, Hayes and Feege, P.C.,* for petitioner.

No appearance for respondent.

*David A. Scholl,* for intervenor.

OPINION BY JUDGE BLATT, August 9, 1983:

TBA Supply Co. (employer) appeals here an order of the Unemployment Compensation Board of Review (Board) which reversed the referee's determination and granted Darlene Tracey (claimant) unemployment benefits.

The relevant facts, as found by the Board, are that the claimant last worked for the employer as a computer operator. During the course of her employment, she was subjected to sexual innuendoes and bodily contact by the employer's vice-president, to which she objected. At a meeting with the employer's president, she attempted to complain to him about the vice-president's conduct, but he refused to listen.[1] The

---

[1] The record indicates that the president told the claimant she "had more problems than Jesus Christ himself" and that he would not hear her complaint.

following day she left work with another employee, who was also allegedly harassed, in order to, in the Board's words, "draw the attention of the president to her problem with the vice-president. . . ." The claimant was then informed, on the next scheduled work day, that she was being replaced.

The referee had initially decided the case as a voluntary quit and denied benefits. The Board had this remanded, particularly so that the employer could present evidence on the question of whether the claimant quit or was fired for willful misconduct. The employer, on the remand, had rested on the previous record, and the Board consequently reversed the referee, awarded benefits and noted that the employer failed to carry its burden.

The employer, of course, has the burden of proving the assertion that the claimant was discharged for willful misconduct. *Unemployment Compensation Board of Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). And where, as here, the decision of the Board is against the party with the burden, our scope of review is to determine whether or not the findings of fact are consistent with each other and with the conclusions of law, and whether or not the findings can be sustained without capriciously disregarding competent evidence. *Pollock v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 363, 437 A.2d 1322 (1981). The employer submits, however, that the Board erred in concluding that the claimant was discharged, arguing that the facts support a conclusion that she had voluntarily quit.

Whether or not the claimant quit or was discharged constitutes a question of law. Our review of the record indicates the claimant testified that she did not believe that she had quit and that when she contacted the employer on the following work day after

234

the incident, she was informed by the business manager that she was being replaced. We agree with the Board, that, based on these facts, the claimant was involuntarily terminated by the employer. Moreover, the employer was given an opportunity on remand to present new or additional testimony on this issue, and yet it rested on the record of the previous hearing, and we believe that that record supports the Board's conclusion.[2]

We will, therefore, affirm the order of the Board.

ORDER

AND Now, this 9th day of August, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[2] We note in passing, as did the Board, that the sexual harassment suffered by the claimant in this case would constitute a necessitous and compelling cause for voluntary termination. It is clear that she attempted to alleviate the problem. *See West v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 431, 417 A.2d 872 (1980); *Livezey v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 11, 16, 453 A.2d 739, 742 (1982) (BLATT, J., concurring).