Victor A. Macarella, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 17, 1984, to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*W. E. Buchko,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 23, 1984:

Victor A. Macarella appeals from the decision and order of the Unemployment Compensation Board of Review determining him ineligible for unemployment compensation benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law.[1]

The unchallenged findings of the compensation authorities and the undisputed aspects of the record indicate that Macarella was employed for approximately three years as a district manager for a dry cleaning business. By all accounts, Macarella's job was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897. *as amended,* 43 P.S. §802(b)(1).

demanding, requiring him to work seven days per week, 12-15 hours per day, with few, if any, vacations. Moreover, there was dissension between Macarella and the owner's wife—who was a fellow employee— over the wife's alleged attempts to undermine his authority and her repeated accusations that he was cheating the employer. It is also agreed that the claimant was under a doctor's care for hypoglycemia prior to his resignation on October 31, 1981. Finally, the parties agree that prior to quitting the job, Macarella did not request lighter work or a leave of absence; he had not been advised by his physician to quit the job and had no other immediate job prospects.

Where the parties diverge factually is with respect to two findings:

2. The claimant submitted his resignation effective October 31, 1981, alleging a general dissatisfaction with working conditions and deteriorating health as the reason for his departure from his employment.

3. The claimant did not inform his employer that he was quitting as the result of a health problem but told the employer he was terminating his employment to seek other work.

In response to these findings, Macarella contends that the record establishes several reasons for his resignation: the long hours; lack of days off; and the employer's wife's accusations and encroachments on his managerial authority. He contends that the record does not support a finding that he cited health reasons as a primary basis for quitting.

It is well settled that the findings of the Board are conclusive and binding on this court unless they fail

to be supported by substantial evidence. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977). Where the losing party below had the burden of proof, our obligation is to determine whether all the necessary findings of the Board are consistent with each other and with the conclusions of law, and whether they can be sustained absent a capricious disregard of competent evidence. *Johnson v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 409, 442 A.2d 853 (1982). Our difficulty in this instance resides in the fact that the findings appear to be conflicting. On the one hand, Finding No. 2 states that deteriorating health was one of two reasons cited by Macarella for quitting. Consistent with this assessment of causation, the Board denied benefits on the basis of Macarella's failure to inform his employer of his health problems and his failure to request lighter work or a leave of absence. On the other hand, Finding No. 3, states that Macarella did *not* inform his employer he was quitting because of a health problem. However, because Macarella concedes that he did not inform his employer of his health problem, it is unnecessary for us to remand this case for clarification. Rather, we are able to dispose of this appeal on the basis of the record and the uncontested findings. For even assuming that the record establishes that the reasons for Macarella's resignation were not health-related, but rather due to the onerous demands of the work and the impositions of the employer's wife, we conclude that, as a matter of law, good cause for leaving the job has not been shown.

We have held repeatedly that general dissatisfaction with working conditions does not constitute good cause for leaving. *Martelli v. Unemployment Com-*

180

*pensation Board of Review*, 62 Pa. Commonwealth Ct. 137, 435 A.2d 303 (1981). Macarella analogizes the instant case to *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973), and *Taylor v. Unemployment Compensation Board of Review*, where claimants were deemed to have quit for good cause due to an employer's demand that the claimant engage in unlawful electronic interception of telephone conversations *(Zinman)*, and an employer's constant use of vilifying racial epithets toward the claimant *(Taylor)*. However, the record in the instant case fails to support the analogy. In both *Taylor* and *Zinman*, there were factors which clearly defined a working environment which no employee need tolerate: the Law demands of no claimant that he maintain a job at the cost of daily racial abuse or participation in criminal activity. On the other hand, the record in the instant case does not portray such an extreme working environment as to constitute good cause for leaving. Many employees work arduous schedules and have less than ideal relations with fellow employees. In the absence of evidence that these factors had unique and compelling consequences for the claimant, we must ascribe Macarella's quit to general dissatisfaction with the job, which has never been accorded recognition under the Law as a reason for quitting. *See Martelli v. Unemployment Compensation Board of Review.*

Accordingly, we affirm the decision and order of the Board.

ORDER

AND Now, this 23rd day of November, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-296624 is affirmed.