Albert Ford, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 8, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Louis S. Rulli,* of Counsel, *Dirk Forrister,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, September 6, 1985:

Albert Ford has filed a petition for review of an order of the Unemployment Compensation Board of

Review declaring him ineligible for compensation because he had voluntarily left his work on a ship without cause of a necessitous and compelling nature.

The petitioner was a wiper, that is, a person whose duty it was to remove dirt and grease from engines and engine rooms. He had worked only eighteen days for this employer when the events of this case occurred.

The petitioner testified that on the morning of February 3, 1984, the ship's captain told him to clean the generator and fan rooms but he did not get to this work because he had to make the crew's coffee. The ship's captain made an inspection below decks and saw that the petitioner had failed to wipe down the generator and fan rooms. Later the same day, the ship docked in New Haven, Connecticut and the petitioner left ship. He filed a claim for compensation in which he reported to the Office of Employment Security that he had to quit his work or the captain would have fired him. His employer reported that he had quit. The OES, a referee after a hearing, and the Board of Review concluded that the petitioner had quit.

The petitioner successively testified as follows: He [the captain] told me, I didn't do the fan room and the generator room . . . you're fired.

. . . .

Q. Alright [sic] so, did you quit or were you fired.

A. I quit.

Q. You did quit.

A. Yea he was going to tell me I was discharged anyway so I quit.

. . . .

Q. You told him you were going to quit?

A. Yea I told him.

Q. You told the captain you were going to quit.

A. Yea.

Q. Why did you tell him you were going to quit.

A. He tell me to get off the ship.

The board found that the petitioner had been reprimanded and had voluntarily quit because he believed he was going to be discharged. It further found that he could have remained employed if he had not quit.

The petitioner in an able brief states two questions. The first is that of whether the board's finding that he voluntarily quit was supported only by uncorroborated hearsay evidence. The employer sent to the hearing a person who identified herself as a claims representative. Neither party had counsel. The employer's representative had with her a copy of a portion of the ship's log which contained a notation that the claimant had quit. The referee asked the claimant whether he objected to the document being a part of the record and he answered that he had no objection. The employer's representative also produced a copy of a telegram she sent to the ship asking the circumstances of the petitioner's leaving the ship and a copy of the ship's response that he had quit. These were admitted into evidence under the same circumstances as the log. The petitioner says that these documents are all hearsay and, that while the log might have been qualified as competent evidence under the Uniform Business Records as Evidence Act, 42 Pa. C. S. §6108, it was not identified or otherwise authenticated as required by 42 Pa. C. S. §6108(b).

The petitioner invokes the rule of *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), that hearsay evidence admitted without obection will be given

its natural probative effect and may support a finding of the board if it is corroborated by any competent evidence in the record, but that a finding of fact based solely on hearsay will not stand. There are two anomalies of this rule applicable only to administrative proceedings. The first is that it exists in the face of Section 505 of the Unemployment Compensation Act, 43 P.S. §825, providing that hearings of unemployment compensation cases need not conform to common law or statutory rules of evidence and of the Administrative Agency Law at 2 Pa. C. S. §505 providing that Commonwealth agencies shall not be bound by technical rules of evidence at hearings and that all relevant evidence of reasonably probative value may be received. The second anomaly is that in court trials presided over by judges and ordinarily conducted by lawyers for the parties, the rule is that unobjected to hearsay shall be given its natural probative effect but that these unemployment compensation cases often, if not usually, presided over by lay persons and attended by uncounseled parties, are sometimes won or lost because the parties have no understanding of the hearsay rule, much less its myriad exceptions. Were it not for the fact that the employer's hearsay here was, as we shall see, corroborated, this case would provide a striking example of the second anomaly. Anyone who has ever been a member of a ship's company would consider the suggestion that an eyewitness' later account of an occurrence on board ship is more reliable than the description of the same event in the ship's log to be curious, if not outlandish, and the same person versed in things nautical would deem a law providing that a ship's log is evidence of what it describes only if its custodian appeared to testify concerning its preparation to be eccentric indeed. This subject of the admissibility of

unobjected to hearsay without corroboration in unemployment compensation cases was extensively expounded by Justice BRUCE KAUFFMAN in his plurality opinion in *Unemployment Compensation Board of Review v. Ceja*, 493 Pa. 588, 427 A.2d 631 (1981). Justice KAUFFMAN concluded that unobjected to hearsay evidence should be held to be competent in such proceedings where it has circumstantial guarantees of reliability comparable to those implicit in recognized exceptions to the hearsay rule. But that opinion was not joined by any other justice and does not represent the law of Pennsylvania. *LeGare v. Unemployment Compensation Board of Review*, 498 Pa. 72, 78, 444 A. 2d 1151, 1154 (1982). Here the ship's log and the copies of telegrams admitted without objections are competent evidence only if they are corroborated by other competent evidence.

We conclude that the employer's unobjected to hearsay evidence consisting of the ship's log and an exchange of telegrams to the effect that the petitioner quit was corroborated first by the petitioner's testimony. The petitioner gave shifting and inconsistent accounts of his last interview with the captain. He testified that the captain told him he was fired; that he quit because the captain told him he was going to be discharged anyway; and that he quit because the captain told him to get off the ship. The board's finding that the petitioner quit because he believed he was going to be fired is supported by the evidence. The board and the referee rejected the petitioner's testimony at one place that the captain simply fired him. This was not capricious disregard of the evidence because the petitioner at least twice said that he quit. The petitioner did not testify, and the referee and the board did not find, that he was given the choice of quitting or being fired, as the cases require where an apparent quit is proposed to be treated as a

discharge.[1] These actions by the referee and board are also consistent with the evidence.

The finding that the petitioner quit is also corroborated by the employer's claims representative's testimony that under the employer's procedures captains might fire members of the crew for acts endangering the vessels or people in the vessels; but for less serious offenses he should issue letters of warning.[2]

Since we have concluded that we cannot decide the petitioner's first question in his favor, it is unnecessary for us to discuss the second, that of whether the petitioner's failure to wipe down the fan and generator rooms constituted willful misconduct.

ORDER

AND Now, this 6th day of September, 1985, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge BARRY did not participate in the decision in this case.

---

[1] *Philadelphia Parent Child Center Inc. v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979) ; *Unemployment Compensation Board of Review v. Simone*, 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976).

[2] The petitioner in written argument calls this testimony speculative. It was given in response to a question of the referee by a knowledgeable witness. We do not agree that it was speculative.