**Linda J. IACONELLI, Petitioner**

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 18, 2005.

Decided Feb. 16, 2006.

---

Mark H. Tulloss, Philadelphia, for petitioner.

Janet M. Tarczy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

Brian W. Waerig, Philadelphia, for intervenor, Domsky & Simon Advertising.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Linda J. Iaconelli (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision that Claimant voluntarily quit her employment making her ineligible for unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

The facts as found by the referee and adopted by the Board are as follows:

1. Claimant was last employed by Domsky & Simon Advertising from 1/4/98 to 12/28/04, as a Bookkeeper/Office Manager, at a weekly rate of pay of $930.

2. On 12/28/04, claimant resigned the employment by abruptly leaving the work place and not returning after that date.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) of the Law provides that:

An employe shall be ineligible for compensation for any week—

(b) In which his unemployment is due to voluntarily leaving without cause of a necessitous and compelling nature. . . .
43 P.S. § 802(b).

3. Claimant did not contact the employer nor return to the work place, because she speculated that she had been discharged by the employer.

4. Claimant became upset when she discovered the employer had removed the signature stamp which claimant used to conduct employer's financial business.

5. Claimant inquired of employer as to the reasons for removing the stamp from her desk and employer informed claimant that it was motivated to secure the stamp to prevent theft.

6. Claimant alleges that employer's reference to theft directly related to herself when she received no further response from the employer.

7. Claimant subsequently left the work without notice and did not return.

Referee's Decision, March 21, 2005 (Referee's Decision), Findings of Fact Nos. 1–7 at 1.

■ The referee concluded that Claimant voluntarily terminated her employment with Domsky & Simon Advertising (Employer) and failed to show cause of a necessitous and compelling nature for doing so. Claimant appealed the referee's decision and the Board affirmed. Claimant now petitions our Court for review.[2]

■ Claimant contends that the Board erred in determining that she voluntarily terminated her employment with Employer. Claimant admits that she left work, as she was angry with Employer for removing the stamp from her desk. However, Claimant did not intend to quit and Employer's actions in attempting to contact her for two-and-a-half (2½) hours after she left, announcing that she quit and immediately changing the locks and giving all

employees new keys, was not enough time to establish a voluntary quit.

■ Whether a claimant's separation from employment was voluntary or a discharge is a question of law for this Court to determine from the totality of the record. *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409 (Pa. Cmwlth.1996). An employee merely leaving the work premises is not enough to determine intent to voluntarily terminate her employment. *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review*, 44 Pa.Cmwlth. 452, 403 A.2d 1362 (1979). A claimant must have a conscious intention to terminate her employment. *Monaco v. Unemployment Compensation Board of Review*, 523 Pa. 41, 565 A.2d 127 (1989). An employee who leaves her employment without informing her employer when or if she is planning to return, may be held to have voluntarily quit. *Unemployment Compensation Board of Review v. Metzger*, 28 Pa.Cmwlth. 571, 368 A.2d 1384 (1977). However, the majority of these cases allow for a reasonable period of time in which an employee has the opportunity to manifest an intent to quit and the employer has the opportunity to contact the employee or vice-versa. *Ryan v. Unemployment Compensation Board of Review*, 68 Pa.Cmwlth. 207, 448 A.2d 713 (1982).

In *Ryan*, Rocky Ryan left her employment after a verbal altercation with her parents/employer, taking only her handbag. Ryan testified that she intended to return. However, a few hours later her father/employer telephoned her and told her not to return to work. We found that

---

**2.** Our review in this matter is limited to a determination of whether constitutional rights have been violated, errors of law committed, or whether essential findings of fact are sup-

ported by substantial evidence. *Brady v. Unemployment Compensation Board of Review*, 118 Pa.Cmwlth. 68, 544 A.2d 1085 (1988).

Ryan was terminated and did not voluntarily quit.

In the present controversy, Claimant left work at approximately 10:00 a.m. and Employer changed the locks that afternoon. However, Claimant did not attempt to return, nor did she attempt to contact Employer thereafter. Claimant testified that she did not contact Employer thereafter "because I felt [Employer] was accusing me of being a thief because he didn't answer my question." Notes of Testimony, March 15, 2005 (N.T.), at 11. Thus, whether Claimant told Employer that she had quit, removed her personal possessions when she left, or would have been unable to get into work due to the lock change, is irrelevant. There is substantial evidence of record to support the Board's finding that Claimant did not take any steps to preserve her employment relationship. Therefore, the Board was correct in determining that Claimant voluntarily terminated her employment with Employer.

Accordingly, we affirm.

### ORDER

AND NOW, February 16, 2006, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.