IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kim M. Stevenson,                         :
                                          : No. 909 C.D. 2016
                         Petitioner       : Submitted: November 10, 2016
                                          :
              v.                          :
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                         Respondent       :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 19, 2017


          Kim M. Stevenson (Claimant) petitions *pro se* for review of the April
29, 2016 order of the Unemployment Compensation Board of Review (Board)
denying unemployment compensation benefits under Section 402(e) of the
Unemployment Compensation Law (Law).[1]  We affirm.

          Claimant was employed by Reliant Prospect Park, LLC (Employer)
from August 2013 through January 18, 2016.  At the time of her separation from
employment, Claimant's rate of pay was $13.00 per hour.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S.
§802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any
week in which her unemployment is due to her discharge from work for willful misconduct
connected with her work.

In October 2015, Claimant was promoted from her position as a certified nursing assistant (CNA) to Unit Clerk. However, after a probationary period, Employer determined that Claimant was not a good fit for that position. Employer had a meeting with Claimant on January 18, 2016, informed her of the decision, and offered her several CNA shifts. Following the meeting, Claimant was sent to pack up her things from the Unit Clerk station. Although Employer initially offered to keep Claimant on as a CNA, she was ultimately discharged, before accepting that position, for placing facility documents in a shredding container. Findings of Fact (F.F.) Nos. 1-4, 8.

Claimant filed for unemployment compensation benefits on February 9, 2016, and cited her attitude and a disagreement with her supervisor as the reason for her discharge. Certified Record (C.R.) Item No. 2. The local service center determined that Claimant was not ineligible for benefits under Section 402(e) of the Law, and Employer appealed.

The referee held a hearing on March 24, 2016. Claimant attended, as well as Kathy Baker, Employer's Director of Human Resources, Patty Burke, Employer's Director of Medical Records, and Christy Lane, Employer's Building Administrator. Burke testified that she received a report that while Claimant was cleaning out her things from the Unit Clerk office, she had placed items in the Iron Mountain shredding bin. Notes of Testimony (N.T.) at 10. Burke found four binders in the shredding bin that contained residents' lab reports, sign-in forms, and patient information for Claimant's job duties, in addition to Claimant's emails and login information. N.T. at 11-12.

Baker testified that she, Burke, and the Assistant Director of Nursing reviewed the materials that Burke retrieved from the shredding bin. N.T. at 8-9.

Baker stated that loss of the information Claimant placed in the shredding bin would have been detrimental to Employer's operation. N.T. at 15.

Baker testified that on January 22, 2016, following the materials review, she and Lane called Claimant regarding what was placed in the shredding bin and Claimant stated that she "may have done that." N.T. at 9. At that point, Baker testified, she and Lane informed Claimant that they were no longer offering her the CNA position and were, instead, terminating her employment. *Id.* Baker also testified that Employer had no formal policy regarding materials that go in the shredding bin, but it did have a formal policy regarding resident records. N.T. at 9-10. At no point during the hearing did Claimant object to the testimony of Employer's witnesses.[2]

Claimant testified that after her meeting with Employer on January 18, 2016, she went directly to her office to collect her things. N.T. at 13. She stated that she had purchased many things for the unit to make it more presentable, including binders and bins. *Id.* She testified that while she was gathering her things, she disposed of several binders into the Iron Mountain shredding bin, which contained emails, job description paperwork, and her own notes regarding job duties such as appointments. *Id.* Claimant stated that she disposed of things that had her name on it for the purposes of preventing identity theft. *Id.* Claimant testified that she was not aware that the information in the binders was Employer's property. N.T. at 14.

---

[2] Hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record. *Ford v. Unemployment Compensation Board of Review*, 498 A.2d 449, 450 (Pa. Cmwlth. 1985); *Orloski v. Unemployment Compensation Board of Review*, 415 A.2d 720, 721 (Pa. Cmwlth. 1980).

The referee determined that Claimant had committed willful misconduct and was ineligible for benefits under Section 402(e) of the Law. In reaching her decision, the referee resolved conflicts in the evidence in Employer's favor and found that Claimant threw out four binders containing residents' lab reports and appointments for follow-up, as well as information on Claimant's job duties, and was discharged for attempting to destroy company property. F.F. Nos. 7-8.

Claimant appealed to the Board, challenging the referee's findings that she committed willful misconduct by attempting to destroy company property. Specifically, Claimant asserted that Employer failed to provide substantial evidence that she placed the binders in question in the shredding bin. Moreover, she argued that any documents that she placed in the bin were of a personal nature and not company property. The Board affirmed the referee's decision, adopting and incorporating the referee's findings and conclusions.

On appeal to this Court,[3] Claimant argues that the Board erred in finding her ineligible for benefits as the result of willful misconduct.[4] She argues

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

[4] Claimant's arguments have been edited for clarity. Her Pa. R.A.P. 2116 Statement of Questions Involved portion of her appellate brief reads as follows:

1. Who physically witnessed Ms. Stevenson throw [the] alleged items in the shred bin?
2. By what means [were] the alleged items held for review of evidence besides [by] the people in question?
3. Who told Ms. McCray that Ms. Stevenson discarded the items belonging to [the] facility in[to] the shred bin?

**(Footnote continued on next page…)**

that the Board's findings are not supported by substantial evidence and again asserts that any materials she placed in the shredding bin were personal and not company property.[5] We disagree.

Preliminarily, we note that although not defined in the Law, willful misconduct has been defined by the courts as: an act of wanton and willful disregard of the employer's interests; a deliberate violation of the employer's rules; a disregard of a standard of behavior which the employer has the right to expect; or negligence rising to the level of an intentional disregard of the employer's interests or the employee's duties and obligations. *Johns v. Unemployment Compensation Board of Review,* 87 A.3d 1006, 1009 (Pa. Cmwlth.), *appeal denied,* 97 A.3d 746 (Pa. 2014). An employer bears the burden of proving willful misconduct. *Id.* at 1010. Once the employer meets its burden, the burden then shifts to the claimant to demonstrate good cause for her actions. *Id.*

---

**(continued…)**

> 4. Why did it take four (4) days to notify Ms. Stevenson that she was being terminated when the items that Ms. Stevenson allegedly placed in the shred bin were found immediately upon her departure?
> 5. When did [Ms. Stevenson's] personal property become the property of Reliant Prospect Park, LLC?
> 6. Why was there no physical evidence brought to [Ms. Stevenson's] attention of at the hearing for [her] review?

[5] Claimant additionally argues that her discharge was too remote from her alleged actions to have been the real reason she was discharged. However, Claimant failed to raise this argument before the Board and, therefore, it is waived. Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a); Pa. R.A.P. 1551(a); *Lewis v. Unemployment Compensation Board of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012) (holding that a claimant waived issues regarding his employer's disciplinary procedures where he failed to raise the issues in his appeal to the Board).

Additionally, the Board is the factfinder in unemployment compensation cases, empowered to determine credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). While willful misconduct is a legal determination fully reviewable by this Court, we are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings. *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 521 (Pa. Cmwlth. 1999). We view the record in the light most favorable to the party prevailing before the Board and afford that party the benefit of all reasonable inferences that can be drawn from the evidence to determine if substantial evidence exists. *Big Mountain Imaging v. Unemployment Compensation Board of Review*, 48 A.3d 492, 494-95 (Pa. Cmwlth. 2012). The fact that a witness has presented a version of the facts different from that accepted by the Board is not a basis for reversal if substantial evidence supports the Board's findings. *Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). "It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citation omitted).

Here, Claimant asserts that any items that she put in the shredding bin were personal property and Employer did not produce any evidence to demonstrate otherwise. However, the Board credited Burke's testimony as to what she found in the shredding bin and Baker's testimony that, when questioned about placing residents' lab reports and appointment information into the bin, Claimant admitted

6

that she "may have done that."[6]  Based on those credibility determinations, the Board concluded that Claimant's actions were injurious to Employer's interests and that Claimant did not establish good cause for her actions.  Claimant's argument is based on facts that are different from those found by the Board.  Our review of the record confirms that the Board's findings are supported by substantial evidence.  Consequently, those findings are binding on appeal.  *Owoc v. Unemployment Compensation Board of Review*, 809 A.2d 441, 443 (Pa. Cmwlth. 2002).  Based on the facts as found by the Board, Claimant's actions constituted willful misconduct, and Claimant failed to establish good cause for her conduct.

Accordingly, we affirm the order of the Board.

_____
MICHAEL H. WOJCIK, Judge

Judge Brobson dissents.

---

[6] In addition to Claimant failing to object to possible hearsay at the referee's hearing, the Board found that Claimant's statement of "Yeah, I may have done that" was a statement against interest and, therefore, admissible under the Pennsylvania Rules of Evidence Rule 804(b)(3). Pa. R.E. 804(b)(3).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kim M. Stevenson,             :
                                   : No. 909 C.D. 2016
              Petitioner     :
                                     :
                v.                 :
                                     :
Unemployment Compensation      :
Board of Review,                  :
                                     :
              Respondent    :

## O R D E R

AND NOW, this <u>19</u><sup>th</sup> day of <u>April</u>, 2017, the order of the Unemployment Compensation Board of Review, dated April 29, 2016, is AFFIRMED.

 

_____
MICHAEL H. WOJCIK, Judge