Salvatore V. Amico, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

.Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Richard S. Campagna,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, *Dan-*

*iel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, July 19, 1978:

This is a petition for review filed by Salvatore V. Amico (Claimant) from an order of the Unemployment Compensation Board of Review (Board) dated January 13, 1977, which disallowed Claimant's appeal pursuant to Section 502 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822, and affirmed the adjudication of the referee, thereby denying unemployment compensation benefits to Claimant under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1).

Claimant was employed as an automobile mechanic by Scranton Dodge, Inc. (Employer) and his last day of work was August 9, 1976. On that day, the Claimant was asked on two occasions by the Employer to cut short his coffee break because there was a great deal of work in the shop. When the Claimant returned to work he expressed displeasure with the Employer's request and the Employer told him that if he did not want to follow instructions he could leave the Employer's premises. The Employer did not say that the coffee breaks were to be eliminated nor did he say that Claimant was being discharged. Claimant left the premises and never returned to work for the Employer. The record in this case clearly reflects that there was continuing work for the Claimant had he been willing to follow the Employer's instructions. Claimant contends that the Employer fired him without cause. We disagree. There is substantial evidence present in this case to support the referee's determination that the Claimant voluntarily terminated his employment.

It should be noted that the coffee breaks permitted by the Employer in this case were established by custom and not by right. The evidence discloses that Claimant resented the Employer's request to cut short his coffee break and return to work. The burden of proving that a voluntary termination of his employment was for cause of a necessitous and compelling nature is upon the Claimant. *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). This burden may be sustained by showing that his conduct was consistent with ordinary common sense and prudence and that the circumstances prompting the severance of employment were real, substantial and reasonable. *Aluminum Company of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). Claimant has failed to meet this burden.

If substantial evidence exists to show that the Claimant voluntarily terminated his employment because he resented the reprimand of an employer, benefits properly should be denied, since a reprimand, absent unjust accusations, abusive conduct and profane language, does not constitute a necessitous or compelling reason to quit work. *Unemployment Compensation Board of Review v. Ruffel,* 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975). We conclude that the Claimant voluntarily left work without cause of a necessitous and compelling nature and, therefore, affirm the Board's decision.

### Order

And Now, this 19th day of July, 1978, the order of the Unemployment Compensation Board of Review, dated January 13, 1977, denying benefits to Salvatore V. Amico, is affirmed.