Joseph John Weglarz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Joseph J. Weglarz,* petitioner, for himself.

*Michael D. Klein,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 5, 1979:

Joseph J. Weglarz (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) which disallowed further appeal from a referee's denial of benefits provided under Section 402 (b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

During Claimant's unemployment compensatory period, he was referred to the Hall Planetary Company (Employer) by the Pennsylvania State Employment Service. After reporting for his new job assignment at 8 o'clock A.M. on October 25, 1976, as a milling machine operator, he worked for four hours and left. The referee found that Claimant voluntarily terminated his employment because he thought the working conditions to be unsafe and if he incurred injury on the job, he would be ineligible for pension.

To be eligible for unemployment compensation benefits, an employee voluntarily terminating his employment must prove that termination was caused by a necessitous and compelling reason, demonstrating that his conduct was consistent with ordinary common sense and prudence based on real, substantial, and reasonable factors and not on factors which are imaginary, trifling or whimsical. *Unemployment Compensation Board of Review v. Tune*, 23 Pa. Commonwealth Ct. 201, 350 A.2d 876 (1976). Our review of the record discloses Claimant's fear for his safety was ill-founded and unsubstantiated by any evidence that Employer's machinery was improperly designed so as to constitute a safety hazard or that he or any of his fellow employees had sustained injuries from unsafe equipment. Furthermore, Claimant's brief four-hour stint with Employer before determining his safety was in jeopardy and his subsequent abrupt termination of employment indicates an absence of prudence

in concluding that his new work was dangerous and further supports the referee's conclusion that termination was not due to a cause of a necessitous and compelling nature.

Accordingly, we

ORDER

AND Now, this 5th day of April, 1979, the decision and order of the Unemployment Compensation Board of Review is affirmed.