Gary L. Kistler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

466

*Vincent J. Quatrini, Jr.,* for petitioner.

*Stephen Lipson,* Assistant Attorney General, with him *John T. Kupchinsky,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 1, 1980:

Gary L. Kistler (Petitioner) was last employed by Mini Cinemas (Employer) as a theater manager on August 2, 1978. At the time of his separation from employment, Petitioner was being paid $200. per week. Petitioner here appeals from a decision of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits to him on the ground that he voluntarily terminated his employment without cause of a necessitous and compelling nature and, therefore, was ineligible for benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1). The Bureau (now Office) of Employment Security and a referee had found Petitioner ineligible for benefits on the same basis. The only issue Petitioner appears to raise for our consideration is whether the Board erred in concluding that Petitioner did

not have cause of a necessitous and compelling nature for terminating his employment.[1] For the reasons which follow, we affirm the Board's order.

Our Supreme Court, in *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977), established the standards we are to follow in considering cases such as this:

> It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Progress Manufacturing Co. Inc. v. Compensation Bd. of Review*, 406 Pa. 163, 176 A.2d 632 (1962); Ristis

---

[1] Petitioner has failed to set forth in his brief a statement of the questions involved in this case. We call Petitioner's counsel's attention to Pa. R.A.P. 2116(a) which states that a statement of the questions involved "is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." We do not condone such flagrant violations of the Rules by which our Court operates. *See Parker v. Department of Public Welfare*, 49 Pa. Commonwealth Ct. 619, 411 A.2d 897 (1980); *Department of Transportation v. DePaul*, 32 Pa. Commonwealth Ct. 211, 378 A.2d 1032 (1977). We will consider the issue here, however, because we have already invested judicial time and effort in reading the briefs and records and hearing oral argument and because we prefer not to punish litigants for the failure of their counsel to abide by our rules. Let counsel be aware, however, that in the future, we will not be inclined to overlook such serious violations of our procedural rules.

The Board raises a separate issue for our consideration, that is whether Petitioner is ineligible for benefits pursuant to 29 C.F.R. §91.10, part of the regulations implementing the Trade Act of 1974, 19 U.S.C. §2101 *et seq.* The Board did consider this issue and determined that since Petitioner was ineligible for benefits under the Law, he also was ineligible under Section 91.10. Petitioner, himself, has not raised this issue for our consideration. We therefore, will not rule on it.

Unemployment Compensation Case, 178 Pa. Super. 400, 116 A.2d 271 (1955); Stillman v. Unemployment Compensation Bd. of Review, 161 Pa. Super. 569, 56 A.2d 380 (1948). The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. Furthermore, a claimant who alleges that he or she terminated employment for necessitous and compelling reasons, has the burden of establishing the existence of such reasons. *See e.g.,* Owen v. Unemployment Compensation Bd. of Review, 26 Pa. Cmwlth. 278, 363 A.2d 852 (1976); Unemployment Compensation Bd. of Review v. Cooper, 25 Pa. Cmwlth. 256, 360 A.2d 293 (1976).

A claimant may sustain the burden of proving a cause of necessitous and compelling nature by showing that his or her conduct in voluntarily terminating employment was consistent with ordinary common sense and prudence and that the circumstances prompting the termination were real, substantial, and reasonable, not imaginary, trifling, or whimsical. *Weglarz v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 505, 506, 399 A.2d 819, 820 (1979); *Amico v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 566, 568, 388 A.2d 349, 351 (1978). Ultimately, the issue of a cause of necessitous and compelling nature is a question of law and is subject to review by this Court. *Taylor v. Unemployment Compensation Board of Review* at 358, 378 A.2d at 832.

The Board found as a fact that Petitioner resigned from his employment with Mini Cinemas because he

was reprimanded for failing to complete an assignment. The Board also found that Petitioner was dissatisfied with his working conditions. Both of these findings are supported by substantial evidence on the record which consists solely of Petitioner's own written statements and testimony. After making these findings of fact, the Board concluded that the reprimand and the dissatisfaction with his working conditions did not amount to the cause of a necessitous and compelling nature necessary to justify Petitioner's voluntary termination and to make him eligible to receive unemployment compensation benefits. We agree.

Employer's President's reprimand of Petitioner did not consist of unjust accusations, abusive conduct, or profane language. It did not amount, therefore, to a cause of necessitous and compelling nature sufficient to qualify Petitioner for benefits. *Amico v. Unemployment Compensation Board of Review* at 568, 388 A.2d at 351; *Rooney v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 76, 80, 380 A.2d 957, 959 (1977). Likewise, mere dissatisfaction with one's working conditions or one's rate of pay does not constitute cause of a necessitous and compelling nature. *Mann v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 119, 120, 398 A.2d 743, 744 (1979); *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 134, 318 A.2d 398, 400 (1974). By voluntarily accepting employment which he or she subsequently terminates, a claimant has admitted to the initial suitability of the wages and the conditions of employment. This presumption of suitability may be overcome by a claimant's proving that the initial working conditions changed or that when the employment began he or she was deceived as to or not aware of the conditions later alleged to be onerous. *Mosley v. Unemployment*

*Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 451, 327 A.2d 199, 201 (1974). Petitioner would have us hold that conditions under which he was employed so changed that he had a cause of necessitous and compelling nature for terminating his employment.

Petitioner testified that when he began working for Employer, he and Employer's President reached an oral agreement concerning the hours he was to work and the salary he was to receive. In fact, the only definite part of the agreement was that he was to be paid $200. weekly. Although he began his employment by working 48 hours per week, Petitioner and Employer never actually agreed on how many hours he was to work. Petitioner also testified that as part of his salary, he was to receive a commission from concession stand sales at the theater. Petitioner asserted, however, that during his entire period of employment, Employer failed to make the required payments. Again, although the oral agreement allegedly called for the payment of such commissions, it was so vague as to not even mention the percentage he was to receive.

Petitioner also testified that three weeks after he began working for Employer the manager of another of Employer's theaters was shot. The incapacity of the second manager resulted in Petitioner's having to work substantially longer hours and to perform more duties than he did previously. His salary did not increase with the increase in hours or duties. There is no doubt that the increases constituted a change in Petitioner's working conditions. We note, however, that there is no evidence to indicate that the change was permanent rather than merely temporary. Furthermore, when an employer hires an employee the employee is usually assigned to perform particular tasks in assigned places at assigned times, but the em-

ployer need not agree never to modify the tasks or the times or places where the tasks are to be performed. As long as the modifications are reasonable, the employee must abide by the employer's decision or risk being held ineligible for unemployment compensation benefits if he refuses. *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974). After reviewing the record in this case, especially noting the lack of evidence concerning the permanence of any of the changes in working conditions, we conclude that the changes were not so unreasonable as to constitute cause of a necessitous and compelling nature for Petitioner to voluntarily terminate his employment. He is, therefore, ineligible for unemployment compensation benefits.

The order of the Board is affirmed.

ORDER

AND Now, this 1st day of July, 1980, the Order of the Unemployment Compensation Board of Review, Decision No. B-167777, dated January 10, 1979, is affirmed.