625 A.2d 1291

**Barbara J. DALESANDRO, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1993.

Decided May 19, 1993.

Barbara J. Dalesandro, petitioner, for herself.

Randall S. Brandee, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, McGINLEY, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

The claimant, Barbara Dalesandro, here appeals a decision of the Unemployment Compensation Board of Review affirming the decision of a referee who had affirmed the decision of the Bureau of Unemployment Compensation Benefits and Allowances that denied Dalesandro's petition for unemployment compensation benefits. We must quash Dalesandro's appeal because of substantial defects in her brief.

Dalesandro's brief is one page in length. Of the seven elements required for an appellant's brief by Pa.R.A.P. 2111(a), she lacks six. Dalesandro's brief lacks a statement of jurisdiction (Rule 2114), the order in question (Rule 2115), the statement of the questions involved on appeal (Rule 2116), a summary of her argument (Rule 2118), an argument (Rule

2119) and a statement of the relief she seeks (Rule 2111). Although this court is not required to quash or dismiss an appeal for every technical deviation from the rules, Pa.R.A.P. 2101 provides that:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

This court has stated before that "[w]e decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Sudduth v. City of Pittsburgh*, 135 Pa.Commonwealth Ct. 392, 580 A.2d 929 (1990) (citing *Commonwealth v. Sanford*, 299 Pa.Superior Ct. 64, 445 A.2d 149 (1982)).

The fatal flaw in Dalesandro's brief is that she has not supplied any statement of questions involved on appeal. Pa. R.A.P. 2116(a) provides that:

> The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. *This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.* (Emphasis added.)

The contents of Dalesandro's brief can only be characterized as a narrative of events which we cannot review. There are theoretically innumerable reasons for any appeal, but we cannot attempt to generate the questions to be reviewed.

Accordingly, we must quash Dalesandro's appeal from the order of the board denying her petition for reconsideration.

608

## ORDER

NOW, May 19, 1993, the above-captioned appeal is hereby quashed.