IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Renee Banks,                         :
                    Petitioner              :
                                            :
            v.                              :    No. 2430 C.D. 2014
                                            :    Submitted: September 18, 2015
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: November 17, 2015

        Stacey Banks (Claimant), *pro se*, petitions for review of an
adjudication of the Unemployment Compensation Board of Review (Board)
holding that Claimant was ineligible for unemployment benefits under Section
402(e) of the Unemployment Compensation Law (Law), 43 P.S. §802(e).[1]   In
doing so, the Board affirmed the Referee's decision that Claimant committed
disqualifying misconduct by violating her employer's policy prohibiting
employees from having access to the personal banking information of employer's
clients, referred to as "consumers."  We affirm.

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).
This section states, in relevant part, that a claimant is ineligible for unemployment benefits when
"his unemployment is due to his discharge or temporary suspension from work for willful
misconduct connected with his work, irrespective of whether or not such work is 'employment'
as defined in this act[.]"

Claimant was employed as a full-time personal care aide by Total Health Home Care (Employer) from July 27, 2013, until she was discharged on July 30, 2014. Employer discharged Claimant for conducting banking for one of Employer's consumers and having his ATM card and personal identification number (PIN) in her possession. Claimant applied for unemployment benefits, which the UC Service Center denied. Claimant appealed, and a hearing was held before the Referee on September 25, 2014.

Employer's human resources representative, Deborah Young, testified that Employer has a "Personal Business Policy" that prohibits employees from having access to a consumer's banking information. Notes of Testimony, 9/25/2014, at 3 (N.T. __); Certified Record, Item No. 3 (C.R. __), Exhibit 8. The policy further states that "[a]ny employee who utilizes the consumer's ATM/MAC card for any reason or any other financial card including credit cards will be terminated." C.R. 3, Exhibit 8. Employees are permitted to use a consumer's ACCESS (food stamp) card to purchase groceries but must coordinate any cash withdrawals with the consumer's social worker. Claimant acknowledged that she received and understood Employer's Personal Business Policy. *Id.*

Young testified that Claimant provided care to one of Employer's consumers six hours per day, seven days per week. The consumer is blind but ambulatory. In the course of investigating a complaint against Claimant, Young learned that Claimant had possession of the consumer's ATM card, ACCESS card and the key fob he used to enter his apartment building. N.T. 3. Young instructed Claimant to turn these items over to Employer. Claimant gave the key fob to Young and informed her that the consumer's cards were at Claimant's home.

2

Thereafter Claimant returned the ATM card directly to the consumer. Young discharged Claimant for violating the Personal Business Policy.

Claimant testified on her own behalf. She admitted to possessing the consumer's ATM card, key fob and ACCESS card. N.T. 4. Claimant also acknowledged that she was familiar with Employer's Personal Business Policy and its prohibitions on accessing a consumer's banking information. N.T. 4-5. Claimant testified that Employer was aware she had the consumer's ATM card and that the actual reason for her discharge was a confrontation she had with staff members at the consumer's apartment building. According to Claimant, Employer discharged her to protect its business relationship with the building owner.

The Referee affirmed the UC Service Center's denial of benefits. On review, the Board rejected Claimant's testimony as not credible and credited Employer's testimony. The Board affirmed the Referee's decision, holding that Claimant's admitted possession of the consumer's ATM card, in violation of Employer's Personal Business Policy, was disqualifying misconduct under Section 402(e) of the Law, 43 P.S. §802(e). Further, Claimant failed to establish good cause for violating Employer's policy. Claimant petitions for this Court's review.

On appeal,[2] Claimant argues that the Board erred in finding that Employer had a legitimate reason for terminating her employment. Claimant contends that Employer discharged her to protect its contract with the owner of the apartment building where her consumer resided. In support, Claimant asserts that she was harassed by three female staff members of the apartment building and,

---

[2] Our review is to determine whether the Board's findings of fact are supported by substantial evidence in the record, whether errors of law were committed or whether constitutional rights were violated. *UGI Utilities, Inc. v. Unemployment Compensation Board of Review*, 851 A.2d 240, 245 n.7 (Pa. Cmwlth. 2004).

after she filed a complaint, learned that those individuals no longer wanted her to work there. Notably, Claimant does not deny having the consumer's ATM card in her possession, nor does she contend that she had good cause for doing so.

Willful misconduct has been judicially defined as, *inter alia*, a deliberate violation of an employer's rule or policy. *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 632 (Pa. 1976). If a claimant is discharged for violating a work rule, the employer bears the initial burden of showing "the existence of a work rule and that the claimant violated the rule." *ATM Corporation of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 865 (Pa. Cmwlth. 2006). "Once the employer establishes those elements, the burden then shifts to the claimant to show that she had good cause to violate the rule." *Id.* Further, "the Board is the ultimate finder of fact, and questions of credibility and evidentiary weight to be given to conflicting testimony which was found to be credible are matters for the Board as factfinder and not for a reviewing court." *Stringent v. Unemployment Compensation Board of Review*, 703 A.2d 1084, 1087 (Pa. Cmwlth. 1997).

Here, the Board rejected as not credible Claimant's testimony that the real basis for her discharge was a dispute with employees of the consumer's apartment building. Claimant's reassertion of that argument on appeal is unavailing and irrelevant to the stated reason for her discharge, which was violating Employer's Personal Business Policy. *See also Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106 (Pa. Cmwlth. 1994) (that claimant may have offered different version of events, or viewed testimony differently than Board, is not grounds for reversal if substantial evidence supports the Board's findings). The Board's determination that Claimant violated

4

Employer's policy, of which Claimant was aware, was supported by substantial evidence, *i.e.*, Employer's credited evidence that Claimant possessed her consumer's ATM card, which was corroborated by Claimant's own testimony. Claimant has offered no evidence that she had good cause for violating Employer's policy. Thus, we agree with the Board that Claimant is ineligible for benefits under Section 402(e) of the Law, 43 P.S. §802(e).

   For all of the foregoing reasons, the order of the Board is affirmed.

              _____
              MARY HANNAH LEAVITT, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Renee Banks, : 
             Petitioner : 
              : 
         v. :   No. 2430 C.D. 2014
              : 
Unemployment Compensation : 
Board of Review, : 
             Respondent : 

## **O R D E R**

AND NOW, this 17th day of November, 2015 the order of the Unemployment Compensation Board of Review in the above-captioned matter dated December 10, 2014, is AFFIRMED.

 

_____

MARY HANNAH LEAVITT, Judge