IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cherie A. Mitchell,                          :
                                             :
                        Petitioner           :
                                             :
            v.                               : No. 646 C.D. 2019
                                             : Submitted: December 6, 2019
Unemployment Compensation                    :
Board of Review,                             :
                                             :
                        Respondent           :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                      FILED: July 13, 2020


            Cherie A. Mitchell (Claimant), representing herself, petitions for
review of an order of the Unemployment Compensation Board of Review (Board)
that affirmed the decision of a referee and denied her unemployment compensation
(UC) benefits.  The Board found Claimant ineligible for UC benefits pursuant to
Section 402(b) of the Unemployment Compensation Law (Law)[1] because she
voluntarily terminated her employment without cause of a necessitous and
compelling nature.  Claimant asserts that she proved a necessitous and compelling
reason to quit because she was deceived as to the terms and conditions of her
employment.  Discerning no error, we affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S.
§802(b).

## I. Background

Claimant worked as a full-time trust manager for Legacy Enhancement (Employer) from November 12, 2018, until her last day of work on November 15, 2018. After her separation from employment, Claimant applied for UC benefits. The local service center denied Claimant benefits under Section 402(b) of the Law. Claimant appealed, and a referee held a hearing.

At the hearing, the referee heard testimony from Claimant.[2] Claimant testified that, prior to working for Employer, she worked for Tuma Lawn Service and Landscaping (Tuma) as a secretary. C.R., Item No. 9, Referee's Hearing, 1/28/19, Notes of Testimony (N.T.) at 5. Her work with Tuma consisted primarily of handling paperwork. N.T. at 5. Tuma operated seasonally and reduced Claimant's hours in the off-season, which was approximately November through March.

In October 2018, Claimant was approached by a former colleague (Employer's Supervisor), whom Claimant knew from working with the U.S. Department of Housing and Urban Development (HUD) programs, about a position available with Employer. N.T. at 6. Employer's Supervisor thought that Claimant would be a good fit given her "background with HUD" and her "knowledge base regarding those HUD policies" because Employer is a non-profit corporation established to assist persons with disabilities by protecting their assets. N.T. at 6. Claimant testified that she had the "mental background" for the job. N.T. at 6. Claimant assumed the work would be similar to work she performed regarding HUD programs, including that most of the work would be handled manually on paper. N.T. at 6.

---

[2] Claimant represented herself at the hearing; Employer chose not to participate.

Claimant further testified that she "was very apprehensive" about working for Employer so she delayed her start day until November 12, 2018. N.T. at 3. On November 8, 2018, Claimant called Employer's Supervisor to share her concerns regarding the position. The supervisor advised her to "just try it, see if it works." N.T. at 3.

Beginning November 12, 2018, Claimant worked for Tuma from 4:30 a.m. to 8:30 a.m., worked for Employer for approximately eight hours and then returned to Tuma in the evening. N.T. at 4. Claimant discovered that Employer operated a paperless workplace and was overwhelmed by the amount of computer work the position required. N.T. at 3-5.

On November 15, 2018, Claimant called Employer's Supervisor to resign because the job was too much for her, and she did not think that she could perform better. N.T. at 3. Employer's Supervisor acknowledged Claimant's difficulty and advised that she did not need to continue working until a replacement was found. N.T. at 3. That week, Claimant worked 34 hours for Tuma and 32 hours for Employer. N.T. at 4. Claimant maintained her part-time position with Tuma. Based on Claimant's testimony, the referee determined that Claimant was ineligible for UC benefits under Section 402(b) of the Law and affirmed the service center's decision.

Claimant appealed to the Board.[3] Claimant challenged her ineligibility for benefits on the basis that she voluntarily quit work without cause of a necessitous and compelling nature. Claimant argued that she was deceived as to the terms and conditions of employment and made every reasonable effort to maintain the employer-employee relationship. Based on the record created at the referee's

---

[3] Counsel represented Claimant before the Board.

hearing, the Board found that Claimant was not misled and did not make a reasonable attempt to preserve the employment relationship. Claimant did not testify that she was deceived or misled as to the type of work being performed. Before starting, Claimant expressed concerns regarding her ability to perform the job duties. The Board found that Claimant's reservations prior to starting the job demonstrated that she knew what the position entailed and was not misled. After attempting the job for one week, Claimant initiated the separation and did not rescind her resignation. Ultimately, the Board found that Claimant did not have a necessitous and compelling reason for quitting. On this basis, the Board concluded that Claimant is ineligible for benefits under the provisions of Section 402(b) of the Law. Thus, the Board denied benefits. Claimant's appeal to this Court followed.[4]

On appeal, Claimant again raises the argument that she "was misinformed as to the description of duties and her ability to be successful at the positon given her lack of formal training." Petitioner's Brief at 5. On this basis,

---

[4] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review,* 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014).

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded to the evidence. *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). Where substantial evidence supports the Board's findings, they are conclusive on appeal. *Id.* Substantial evidence is such relevant evidence upon which a reasonable mind might accept as adequate to support a conclusion. *Umedman v. Unemployment Compensation Board of Review*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012). In addition, we must examine the testimony in the light most favorable to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony. *Ductmate*, 949 A.2d at 342.

4

Claimant contends that she had a necessitous and compelling reason to quit her employment.[5]

Section 402(b) of the Law provides, "[a]n employe shall be ineligible for compensation for any week—[i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. §802(b). In a voluntary quit case, it is the claimant's burden to prove her separation from employment is involuntary. *Bell v. Unemployment Compensation Board of Review,* 921 A.2d 23, 26 (Pa. Cmwlth. 2007). In order to show necessitous and compelling cause, a claimant must show: 1) circumstances existed which produced real and substantial pressure to terminate employment; 2) such circumstances would compel a reasonable person to act in the same manner; 3) claimant acted with ordinary common sense; and 4) she made a reasonable effort to preserve her employment. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

"By voluntarily accepting a job which [s]he subsequently quits, an employee admits to the initial suitability of the job with respect to wages and conditions of employment." *Stiffler v. Unemployment Compensation Board of Review*, 438 A.2d 1058, 1060 (Pa. Cmwlth. 1982). "[I]n order to overcome this

---

[5] Claimant did not include an argument section in her brief in violation of Pa. R.A.P. 2111(a)(8). On this basis, the Board asks this Court to quash Claimant's brief and dismiss her appeal. *See Dalesandro v. Unemployment Compensation Board of Review*, 625 A.2d 1291, 1291 (Pa. Cmwlth. 1993) (holding that "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof"). Although Claimant failed to fully develop her argument in a separate section of her brief, Claimant succinctly identified the issue involved and set forth her position in the summary of argument, such that we may adequately exercise our appellate review. Therefore, we decline to quash Claimant's brief and dismiss her appeal on this basis.

presumption of suitability, a claimant must prove that the initial working conditions changed or that, at the time the employment began, [s]he had been deceived as to, or was not aware of, the conditions alleged to be onerous." *Kistler v. Unemployment Compensation Board of Review*, 416 A.2d 594, 597 (Pa. Cmwlth. 1980). "Mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel*, 906 A.2d at 660. Further, a claimant's burden of proof is not satisfied when a claimant fails to take all necessary and reasonable steps to preserve the employment relationship. *PECO Energy Co. v. Unemployment Compensation Board of Review*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996). The question of whether a claimant has a necessitous and compelling reason to terminate employment is a question of law reviewable by this Court. *Ann Kearney Astolfi DMD PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2010).

Here, Claimant contends she had a necessitous and compelling cause to quit because Employer misrepresented the description of job duties and her ability to be successful at the positon given her lack of formal training. However, Claimant's contentions are belied by her own testimony. Claimant did not testify that she was deceived or misled as to the terms and conditions of employment. Rather, Claimant testified that Employer's Supervisor approached Claimant for the position because of her background of working with facilities that had senior citizens benefiting from HUD programs. N.T. at 6. "And because of my knowledge base regarding those HUD Policies, [Employer's Supervisor] really felt that I would make a great fit, because what [Employer] did was protect persons with disabilities." N.T. at 6. Claimant admitted that she had the requisite "mental background" for the job.

6

N.T. at 6.  Claimant viewed the position as a promotion.  N.T. at 6.  Claimant testified that she "wanted to try it and see what it was like."  N.T. at 6.

Claimant did not allege that Employer misrepresented the nature of the work.  Rather, Claimant assumed that she would be able to process the work manually on paper, and not on the computer.  N.T. at 6.  Before even starting, Claimant testified that she expressed concerns about her ability to perform the job.  She even delayed her start date because she was "very apprehensive." N.T. at 3.  As the Board found, Claimant's apprehension suggests that she understood what the position entailed prior to starting.  Yet, she voluntarily accepted the position anyway.  In so doing, Claimant admitted to the initial suitability of the job.  *See Stiffler*.  Claimant's testimony negates her argument that Employer misrepresented the description of duties.

Even if we were to conclude that Claimant was unaware of the extent of computer work involved and that it was too onerous for her given her lack of computer skills and training, Claimant would still not prevail.  Claimant did not make a reasonable effort to preserve her employment with Employer prior to quitting.  Just days after starting, Claimant gave her notice on November 15, 2018.  N.T. at 2, 6.  Claimant did not ask for training to assist her in performing the job.  When she gave notice, Claimant told Employer's Supervisor that she "was incapable of being any better, and the computer work was just too much for [her]."  N.T. at 3.  Claimant offered to stay until Employer found her replacement.  N.T. at 6.  Claimant testified, "I wasn't sure that being a body . . . would help her or not, being that I wasn't even trained to answer the phones at this point."  N.T. at 6.  Claimant also testified that she did not stay longer because the Thanksgiving holiday was the following week and she did not want it to look as though she stayed just for the paid

days off.  N.T. at 6-7.  In response to whether Claimant shared her concerns with Employer, Claimant answered:  "I had a brief discussion with [Employer] about why I was having second thoughts about the processes of the job, but we did not get into a specific conversation.  I know that this type of work was not for me."  C.R., Item No. 4, Record of Oral Interview, 12/17/18, at 1.  Claimant made no attempt to address her concerns prior to voluntarily terminating her employment.  Such actions do not constitute a reasonable attempt to preserve the employment relationship.

Upon review, the Board properly determined that Claimant was ineligible for benefits having voluntarily quit her employment without a necessitous and compelling reason.  Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cherie A. Mitchell,                                          :
                                                             :
                              Petitioner                     :
                                                             :
              v.                                             : No. 646 C.D. 2019
                                                             :
Unemployment Compensation                                    :
Board of Review,                                             :
                                                             :
                              Respondent                     :

# O R D E R

AND NOW, this 13th day of July, 2020, the order of the Unemployment Compensation Board of Review, dated March 29, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge